GEORGE KROLAGE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1906.*

1. CRIMINAL LAW—*when court may refuse leave to withdraw a plea of guilty.* In Illinois the plea of guilty may be entered in all criminal cases, and the court may, in the exercise of its sound discretion, refuse leave to withdraw such plea, provided it is understandingly made.

2. SAME—*consequence of plea of guilty must be fully explained.* Before a plea of guilty can be entered in a criminal case in Illinois the defendant must be fully advised by the court as to his rights and the consequences of the plea, including his right to a trial by jury and the length of time he might be sentenced to the penitentiary.

3. SAME—*what is not an explanation of plea of guilty.* A mere inquiry by the court as to whether the defendant understood that if he pleaded guilty the court would sentence him to the penitentiary is not such an explanation of the rights of the defendant and the consequences of the plea of guilty as is contemplated by the statute.

4. SAME—*when court should permit plea of guilty to be withdrawn.* Leave to withdraw a plea of guilty should be granted where the ends of justice will be best subserved by permitting a plea of not guilty in its stead, and particularly where the consequences of the plea were not fully explained to the defendant, who claims that he did not understand the same. (*Marx* v. *People*, 204 Ill. 248, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

CANTWELL & ERBSTEIN, and CHARLES P. R. MACAULAY, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (JAMES J. BARBOUR, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Prior to the December term, 1905, of the criminal court of Cook county plaintiff in error was arraigned on an indictment charging him with embezzlement and entered a plea of not guilty. At said December term he appeared again by his then attorney, Edward H. Wright, Esq., and withdrew that plea and entered a plea of guilty. Certain evidence was then introduced and the further hearing of the cause continued. On the 8th day of December, having obtained other counsel, to-wit, Charles E. Erbstein, Esq., of the Cook county bar, defendant appeared and by his said counsel suggested to the court that he had pleaded guilty in the belief that he would not be sentenced to the penitentiary, and desired to withdraw that plea and enter a plea of not guilty, and he prayed the court to withhold sentence and permit him to present affidavits setting forth the facts by which he had been induced to enter his plea of guilty, but the court ordered that the facts upon which the motion was based should be made known and cause shown instanter. He failed to comply with that order, and his counsel stated that he had just been called into the case and wished time to learn the facts and incorporate them in affidavits, but the court declined to grant any delay whatever and sentenced the defendant to the penitentiary on his said plea of guilty, to which action of the court the defendant duly excepted. He then moved the court in arrest of judgment, which motion was

overruled and exception taken. Affidavits in support of the contention of the defendant that he had entered his plea of guilty under a misapprehension were afterwards filed and a motion entered for a new trial. One of the grounds for this motion was, that before the plea of guilty was entered the court did not fully explain to the defendant the consequences of his entering said plea. On this point the records show that upon the statement of the defendant that he desired to withdraw his plea of not guilty and plead guilty, the only explanation which the court made as to the effect of the plea of guilty was: "And thereupon the court inquired of the defendant whether he understood that if he pleaded guilty the court would sentence him to the penitentiary, and the defendant thereupon informed the court that he did so understand, and thereupon the court ordered that the plea of guilty be entered, without any further explanation of the consequences of the plea."

Paragraph 424 of the Criminal Code of this State (Hurd's Stat. 1905, p. 744,) provides: "In cases where the party pleads 'guilty' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persists in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

It is insisted on behalf of the defendant that the explanation made by the court was not a compliance with the above requirement of the statute, and in our view of the case that contention must be sustained. The foregoing section of the statute was evidently passed for the purpose of securing to a person charged with crime the right to a trial by jury unless he should, after an opportunity to fully

and fairly understand the consequences of a plea of guilty, waive that right. In a certain sense, pleas of guilty in criminal procedure have been discouraged by the courts. In some States pleas of guilty to the charge of murder are not received. In others, on a plea of guilty the case must stand continued. (*People* v. *Noll*, 20 Cal. 164.) In still others, statutes provide that the court may permit the plea of guilty to be withdrawn at any time before judgment, and such statutes have been construed to give the defendant an absolute right to withdraw the plea. (*State* v. *Hortman*, 122 Iowa, 104.) Under our statute the plea of guilty may be entered in all criminal cases, and the court may, in the exercise of a sound legal discretion, if the plea is understandingly made, refuse permission to withdraw it. (*Gardner* v. *People*, 106 Ill. 76.) The plea can only be entered after the defendant has been fully advised by the court of his rights and the consequences of his plea. Here there was no attempt whatever on the part of the court to inform the defendant of his rights or to state the effect of the plea of guilty. The mere inquiry whether he understood that if he pleaded guilty the court would sentence him to the penitentiary, and his answering that he did so understand, was no explanation whatever on behalf of the court. The length of time which he might be sentenced to serve in the penitentiary and his right to a trial by jury if he entered the plea of not guilty were left entirely to his own knowledge and information, unexplained by the court.

*Marx* v. *People*, 204 Ill. 248, has no bearing upon the question here presented. It was not claimed in that case that the plea of guilty was unadvisedly entered, nor was there any attempt made in the court below to withdraw it. The questions there involved were as to the effect of the plea, and not whether it had been properly entered. This court has not passed upon the point here involved, but we entertain no doubt that the purpose of the statute and the intention of the legislature were not given effect by the trial court.

We are further of the opinion, in any view of the circumstances under which the plea was entered, that the court should, in the exercise of its discretion, have allowed the defendant to withdraw it. We do not base this conclusion altogether upon the affidavits, although we think the facts therein stated were sufficient to show that the defendant had pleaded guilty without fully understanding the consequences of that plea. His own statement that he did not understand its effect, in view of the fact that it was not *fully* explained to him, as the statute requires, should have moved the court to set aside the plea and allow him to submit his case to a jury on a plea of not guilty. The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be subserved by permitting the plea of not guilty in its stead. "The least surprise or influence causing him to plead guilty when he had any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty." (*State* v. *Williams,* 45 La. Ann. 1357; *State* v. *Coston,* 113 La. 717.) "As the plea of guilty is often made because the defendant supposes that he will thereby receive some favor of the court in the sentence, it is the English practice not to receive such plea unless it is persisted in by the defendant after being informed that such plea will make no alteration in the punishment. (1 Archbold on Crim. Pr. & Pl.—8th ed.—334.) By analogy we think the defendant should be permitted to withdraw his plea of guilty when unadvisedly given, where any reasonable ground is offered for going to the jury. This is a matter within the discretion of the court, but a judicial discretion, which should always be exercised in favor of innocence and liberty. All courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. (*Gauldin* v. *Crawford,* 30 Ga. 674.) The law favors a trial upon the merits by jury." (*DeLoach* v. *State,* 77 Miss. 699.) In harmony with the rule above cited from Archbold on Criminal Practice and Pleading, it

will be observed the language of our statute is, "after which," (*i. e.,* after full explanation,) "if the party persists in pleading guilty, such plea shall be received," etc.

The judgment of the criminal court will be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*