The People of the State of Illinois, Defendant in Error, v. Mike Sedrochmuck, otherwise called Mike Sidrochunk and Alex Shimchuk, Plaintiffs in Error.

## Gen. No. 29,432.

CRIMINAL PROCEDURE—*record of formalities in receiving plea of guilty.* It appearing from the record in a criminal case that "after the plea of guilty, without any advising" the court stated what the sentence would be and, on objection being made, defendants were informed that they could withdraw their pleas, which they declined to do, there was not a sufficient showing that the consequences of their pleas of guilty were explained to them as required by Paragraph 756 of the Criminal Code [Cahill's Ill. St. ch. 38, ¶ 756] and the judgment will be reversed and the cause remanded.

Error by defendants to the Criminal Court of Cook county; the Hon. J. R. CAVERLY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed June 11, 1924.

WALTER J. LA BUY and THOMAS E. SWANSON, for plaintiffs in error.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, for defendant in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The plaintiffs in error, Sedrochmuck and Shimchuk, on a plea of guilty of petit larceny, were sentenced by the criminal court of Cook county to serve nine months in the House of Correction, and to pay a fine of One Dollar each.

Within the term in which the plea was made and entered, a motion was made on behalf of the plain-

tiffs in error (hereinafter called the defendants) to amend the record to speak the truth.

Counsel for the defendants, in addressing the court on that motion, stated that the record as written up by the clerk of the criminal court, contained the following: "And he being fully advised by the court of the effect in rendering said plea, he still persists therein," and he thereupon moved the court to amend the record by expunging the language "he being fully advised by the court of the effect in rendering said plea."

The court in allowing the motion to amend, said: "The motion to expunge said language from the record. * * * in this cause is amended to show: That at first after the plea of guilty, without any advising, the Court stated to the defendants that the limit one year in the House of Correction would be the sentence of the court, and then everybody objected, including the prosecuting witness for the Stevens Company, and the Court then stated: 'What do you say if the Court makes it nine months,' and the prosecuting witness then stated, 'I think nine months is enough,' and the Court thereupon stated, 'Make it nine months,' and then somebody suggested or objected that the defendants had not been warned and advised as to their rights, whereupon the court stated to defendants: 'You may withdraw your plea if you want to,' and the answer of the attorney was that he did not care to withdraw his plea. The Court then stated that in his opinion when a plea of guilty was entered the Court should impose in a case of this character something near the limit of the sentence provided by law for a misdemeanor, and further again stated to defendants: 'You can withdraw your plea if you want to,' and defendants said they would not withdraw their plea. The Court said nothing whatever as to the right of the defendants to a trial by jury, due to the fact that the court had heard the State's Attorney ask the defendants to sign a waiver as to trial by jury, which written waiver the court observed the defendants sign; that it was from that

situation the judge's minute clerk entered the order that the defendant was 'warned.'

"Let the record show that this motion to amend the record to speak the truth was made  *  *  *  and judgment entered, and that the court remembers of his own knowledge that the matters and things herein set forth is what actually occurred upon the entering of said plea and were all that was said or occurred at said time, either after or before the said plea of guilty was made, received or entered."

That shows that (1) after the plea of guilty, "without any advising," the court stated that the limit one year in the House of Correction would be the sentence of the court, and that everyone objected; (2) that he then asked, apparently, at large, what if it be made nine months, (3) that the court then said, "Make it nine months," (4) that then someone said that the defendants had not been advised as to their rights, and the court then told the defendants they might withdraw their pleas if they wished to do so; that they said they did not care to do so; (5) that the court said nothing as to the right of the defendants to a trial by jury, due to the fact that he heard the State's Attorney ask them to sign a jury waiver, and saw them sign one; (6) that it was as a result of those proceedings that the clerk of the court entered the order that the defendants were warned; and (7) that the court remembered of his own knowledge the matters set forth in the order and that what is recited therein is all that occurred either after or before the pleas of guilty were made or entered.

From that analysis, it is quite obvious that it would be straining the meaning of the words that recite what took place, to say that the pleas were entered after the defendants had been fully advised by the court of their rights and the consequences of their pleas.

Paragraph 756 of the Criminal Code (Cahill, 1923, ch. 38), provides as follows:

"In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully

explained to the accused the consequences of entering such plea; after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

In *The People v. Fulimon,* 308 Ill. 235, the court said, "The plea can only be entered after the defendant has been fully advised by the court of his rights and the consequences of his plea. (*Krolage v. People,* 224 Ill. 456.) The record must show that the statute was complied with and that a plea of guilty was entered only after the court had fully explained to the accused the consequences of entering his plea and after the accused had persisted in pleading guilty."

In *Krolage v. The People,* 224 Ill. 456, where there was a plea of guilty, and afterwards a motion to withdraw that plea, and to withhold sentence, on the ground that the defendant had misapprehended his plea of guilty and the court did not fully explain to him the consequences of entering such a plea, the court said, referring to Paragraph 756 of the Criminal Code [Cahill's Ill. St. ch. 38, ¶ 756] (supra), "The foregoing section of the statute was evidently passed for the purpose of securing to a person charged with crime the right to a trial by jury unless he should, after an opportunity to fully and fairly understand the consequences of a plea of guilty, waive that right. In a certain sense, pleas of guilty in criminal procedure have been discouraged by the courts. * * * Under our statute the plea of guilty may be entered in all criminal cases, and the court may, in the exercise of a sound legal discretion, if the plea is understandingly made, refuse permission to withdraw it. (*Gardner v. People,* 106 Ill. 76.) The plea can only be entered after the defendant has been fully advised by

the court of his rights and the consequences of his plea. Here there was no attempt whatever on the part of the court to inform the defendant of his rights or to state the effect of the plea of guilty. The mere inquiry whether he understood that if he pleaded guilty the court would sentence him to the penitentiary, and his answering that he did so understand, was no explanation whatever on behalf of the court. The length of time which he might be sentenced to serve in the penitentiary and his right to a trial by jury if he entered the plea of not guilty were left entirely to his own knowledge and information, unexplained by the court.'' In that case, the court defines the words of the statute ''after which'' as meaning ''after full explanation.''

In the instant case the very words of the record ''That at first after the plea of guilty, without any advising,'' are an announcement that the statute was not there complied with. Nor do we find anything in the record even tending to show that he was directly informed of the degree of punishment that might be inflicted upon him as a consequence of his plea. The colloquy between court, counsel, and defendants, at best is confusing, and in drawing conclusions from it, we must err, if at all, in favor of the accused.

From the record as it appears before us, it seems, therefore, impossible to safely conclude that it sufficiently shows that the consequences of the pleas of guilty of the defendants were fully explained to them, as required by the statute.

The judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, J. and THOMSON, J. concur.