(No. 33452.—

The People of the State of Illinois, Defendant in Error, *vs.* Lester Washington, Plaintiff in Error.

*Opinion filed February 16, 1955.*

BEN ROBINSON, of Galesburg, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and PRESTON W. KIMBALL, State's Attorney, of Carthage, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

An indictment returned October 17, 1949, to the circuit court of Hancock County charged defendant, Lester Washington, jointly with one Willie T. Jackson, with the crime of murder. Represented both by a court-appointed counsel and by an attorney of his own selection, defendant first made an unsuccessful motion to quash the indictment, then, on November 28, entered a plea of not guilty. Two days later, he again appeared in court with his counsel and moved to withdraw his plea of not guilty and to enter one

of guilty. The latter motion was allowed, the plea of guilty accepted, and defendant was thereafter sentenced to life imprisonment in the penitentiary. In prosecuting writ of error to this court, it is defendant's sole contention that the trial court accepted and entered his plea of guilty without first fully explaining to him the consequences of such a plea, and without explaining to him his rights, including the right to jury trial.

Throughout the history of the administration of criminal justice in this jurisdiction, it has been a strict requirement of our law that in each conviction of a crime upon a plea of guilty, the record must show that before the entry of the plea the court fully explained its consequences to the defendant and that the explanation was understandingly received. (Ill. Rev. Stat. 1953, chap. 38, par. 732; *People* v. *Vitale,* 3 Ill. 2d 99; *People* v. *Ross,* 409 Ill. 599; *People* v. *Fulimon,* 308 Ill. 235.) Though it was formerly held that the exact language of the trial court need not be set forth in the record, so long as the record showed the explanation had been made, (See: *People* v. *Butler,* 405 Ill. 407; *People* v. *Rusk,* 348 Ill. 218,) this procedure has been altered by Rule 27A of this court, (Ill. Rev. Stat. 1953, chap. 110, par. 259.27A,) which, with effect from September 1, 1948, was adopted to implement the requirements of the Criminal Code. By such rule, it is now provided, in part, as follows: "The inquiries of the court, and the answers of the defendant to determine whether the accused understands his rights to be represented by counsel, and comprehends the nature of the crime with which he is charged, and the punishment thereof fixed by law, shall be recited in, and become a part of the common law record in the case; * * *."

The procedure established by the rule was followed in the present case, and although the formal record, as expanded by the clerk, recites that defendant persisted in a plea of guilty after full explanation and admonishment by

the court as to its consequences, the report of proceedings filed pursuant to Rule 27A discloses that the "explanation" and "admonishment" was limited to the following:

"DEFENDANT'S COUNSEL: It is the wish of the Defendant, Lester Washington, to withdraw his plea of not guilty as heretofore entered and to make a plea of guilty to Counts One and Nine of the indictment.

THE COURT: Will you stand up here? You understand, Mr. Washington, that your counsel, now, on your behalf, is withdrawing your plea of not guilty and entering a plea of guilty to two counts of this indictment, Count One and Count Nine, is that correct?

THE DEFENDANT, LESTER WASHINGTON: Yes, sir.

THE COURT: You understand that, do you?

THE DEFENDANT: Yes.

DEFENDANT'S COUNSEL: Is that your wish?

THE DEFENDANT: Yes.

THE COURT: You are entering that plea yourself; you want to enter a plea of guilty to that; you have had an attorney, you understand your constitutional rights have been protected, you have had an attorney, you have advised with both Mr. Lamet and Mr. Bell, they have talked with you and conferred with you?

THE DEFENDANT: Yes.

THE COURT: After conferring with them it is your wish to enter a plea of guilty to the first and ninth counts of this indictment?

THE DEFENDANT: Yes.

THE COURT: What is your age, Mr. Washington?

THE DEFENDANT: Twenty-seven.

THE COURT: Well, your plea will be accepted and the judgment of guilty of murder as charged in the first and ninth counts of the indictment will be entered. Any recommendation you care to make on the sentence here?"

An examination of the foregoing colloquy leaves room for little doubt that it falls far short of the explanation

and admonishment contemplated both by the Criminal Code and by Rule 27A. Outside of technical references to certain counts of an indictment, the contents of which were left entirely to defendant's own knowledge, the nature of the crime with which defendant was charged was never mentioned. Similarly, defendant was never informed of the punishment fixed by law for the crime charged nor was he apprised of the limits of the punishment he might receive as a result of his plea, an omission which has long been held to constitute error. (*Krolage* v. *People*, 224 Ill. 456; *People* v. *Moore*, 342 Ill. 316.) The *Krolage case* is also authority for the proposition that the mere inquiry of whether a defendant understands the effects of a plea of guilty, and his reply that he does, is no explanation whatever on behalf of the court. Thus, in the present case, defendant's answer indicating that he understood his counsel were entering a plea of guilty in his behalf cannot be deemed a full explanation by the court. The same is true of the manner in which the court performed its function of advising defendant of his rights. A mere inquiry as to whether a defendant understands his constitutional rights, and his reply that he does, is no explanation at all and therefore cannot be said to meet the peremptory requirements of the Criminal Code.

When previously called upon to construe Rule 27A in *People* v. *Flathers*, 414 Ill. 486, a case which militates against the People here on its facts, this court said (p. 490) : "While it is important and essential that all the requirements of the rule be carefully complied with, the remarks and advice of the court must nevertheless be read in a practical and realistic manner. If an ordinary person in the circumstances of the accused would understand them as conveying the information contemplated by the rule, they must be held to have adequately complied therewith." Looking to this general language, the People urge that

there were numerous circumstances surrounding the accused which support a presumption that his plea of guilty was understandingly made and that the terms employed by the court were sufficient to convey the information contemplated by the rule. It is contended, first, that since the record shows defendant had consulted with his counsel, he must be presumed to have been fully aware of the sentence he was likely to receive if he withdrew his plea of not guilty and entered one of guilty. As we see it, the fallacy of such an argument is that both the Criminal Code and Rule 27A place the duty of explaining on the court and do not permit indulgence in the presumption that counsel has already performed such function.

Next, it is urged that defendant's knowledge of the nature of his crime, his awareness of the fact that his co-defendant received a life sentence, and his presence, after the plea of guilty was accepted, when the prosecutor recommended that he be given a similar sentence, are all circumstances which support the presumption that defendant understood the remarks of the trial court as conveying the information contemplated by Rule 27A. We see little or no merit to a contention that a defendant who enters a plea of guilty is chargeable with knowledge of matters *de hors* his own trial and of events occurring after the entry of such a plea. The very purpose of Rule 27A is to provide a form of procedure eliminating any doubt that a plea of guilty was made with full knowledge and understanding and to avoid the method of procedure where a defendant's knowledge and understanding were held to rest solely on implications arising from the common-law record. To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leaves little, if any, room for indulgence in presumptions. While every reasonable intendment is to be given to the remarks of a

trial court when complying with the rule, we think the remarks in the present record did not have the effect of conveying to defendant the information contemplated. It would appear, rather, that the essential information was left entirely to the defendant's own knowledge and information, unexplained by the court. Under such circumstances it was error for the court to accept and enter the plea of guilty.

The judgment of the circuit court of Hancock County is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*