(No. 38700.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER MACKEY, Plaintiff in Error.

*Opinion filed November 19, 1965.*

CHESTER MACKEY, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Chester Mackey, pleaded guilty in the circuit court of Cook County to two indictments charging him with rape and five indictments charging him with armed robbery. He was sentenced to the penitentiary on the seven indictments for terms varying from 5 to 15 years to 20 to 40 years, each term to be concurrent with each other and also concurrent with a 20-to-60-year sentence on a previous conviction for rape. On this appeal in which he appears *pro se,* defendant argues that he was never admonished as to the consequences of his pleas of guilty and that the pleas were therefore improperly accepted by the trial court. A constitutional question is involved.

In order to insure that no defendant enters a plea of guilty to a criminal charge without full knowledge and understanding of the nature of the crime with which he is charged and the consequences of a plea of guilty, we adopted Supreme Court Rule 26. That rule provides, in pertinent part, that "The court shall not permit a plea of guilty * * * by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time * * * the plea of guilty [is] entered * * * that the accused * * * understands the nature of the charge against him, and the consequences thereof if found guilty * * *. The inquiries of the court, and the answers of the accused to determine whether he understands * * * the nature of the crime with which he is charged and the punishment thereof affixed by law, shall be taken and transcribed and filed in the case." Ill. Rev. Stat. 1963, chap. 110, par. 101.26(3).

Rule 26 requires that the record show that defendant was fully informed of the limits of punishment which could be imposed upon a plea of guilty. (*People* v. *Washington,* 5 Ill.2d 58; *Krolage* v. *People,* 224 Ill. 456; *People* v. *Moore,* 342 Ill. 316.) An examination of the record before us reveals that the only statement by the court to the de-

fendant as to the consequences of a plea of guilty to the rape and armed robbery charges was the following: "Now, Mr. Mackey, these eight indictments remaining they all charge either rape or robbery and, the Court may sentence you in each of those cases to a term in the penitentiary of more than one year. You understand that this is the penalty provided by law?" To this question the defendant answered, "Yes, sir." Such an admonition clearly did not apprise the defendant of the "punishment fixed by law" for the crimes of rape and robbery. Defendant's response that he understood he could be sentenced to a term of "more than one year" in the penitentiary also falls far short of the showing required by Rule 26.

The People argue, however, that two weeks prior to the entry of the pleas of guilty to the indictments here involved, the defendant was found guilty of rape by a jury and sentenced to a term of 20 to 60 years in the penitentiary. It is contended that the defendant must therefore be presumed to have been fully aware of the consequences of a plea of guilty to the rape and armed robbery indictments with which we are here concerned. We do not agree. As we stated in *People* v. *Washington,* 5 Ill.2d 58, 63, "We see little or no merit to a contention that a defendant who enters a plea of guilty is chargeable with knowledge of matters *dehors* his own trial * * *. The very purpose of Rule 27a [now Rule 26] is to provide a form of procedure eliminating any doubt that a plea of guilty was made with full knowledge and understanding and to avoid the method of procedure where a defendant's knowledge and understanding were held to rest solely on implications arising from the common-law record. To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leaves little, if any, room for indulgence in presumption."

We are of the opinion that Rule 26 was not complied with and that it was error for the trial court to accept and enter defendant's pleas of guilty.

The judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*