(No. 42301.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES RAY TERRY, Appellant.

*Opinion filed November 26, 1969.*

WHAM & WHAM, of Centralia, (ROBERT H. RATH, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and RONALD A. NIEMANN, State's Attorney, of Salem, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The question appearing on this appeal is whether the admonition given by the trial court before it accepted the defendant's plea of guilty was adequate.

On June 23, 1965, Charles Ray Terry, appeared *pro se* in the circuit court of Marion County, waived indictment and his right to counsel and pleaded guilty to a charge of burglary. The court accepted the plea and sentenced him to the penitentiary for a term of 5 to 12 years. Later, the trial court, after proceedings not of concern here, considered a post-conviction petition the defendant had filed and refused to set aside the guilty plea and judgment of conviction. He has appealed to this court under our Rule 651.

The statute then and now governing pleas of guilty provides: "(c) If the defendant pleads guilty such plea shall not be accepted until the court shall have fully explained to the defendant the consequences of such plea and the maximum penalty provided by law for the offense which may be imposed by the court. After such explanation if the defendant understandingly persists in his plea it shall be accepted by the court and recorded." (Ill. Rev. Stat. 1963, ch. 38, 113—4(c).) Too, Rule 26(3) (now Rule 401(b)) of this court (36 Ill.2d 167) provided that a trial court could not accept a plea of guilty unless it found that an accused comprehended the nature of the crime charged and the punishment fixed by law. See also: *People* v. *Ballheimer,* 37 Ill.2d 24; *People* v. *Washington,* 5 Ill.2d 58.

Here the only advice given by the court as to the possible sentence that could be imposed was:

"COURT: Well, the punishment for burglary is an indeterminate sentence in the penitentiary. What is it, Mr. Hall?

Mr. HALL: [State's Attorney]: Not less than one year.

COURT: Not less than one year. And knowing that

to be the penalty, do you still want to enter a plea of guilty, * * * Mr. Terry?

Mr. TERRY: Yes sir."

In *People* v. *Mackey*, 33 Ill.2d 436, a case resembling this one, the only expression by the court concerning the possible sentence that could be imposed upon a plea of guilty to charges of rape and armed robbery was: "Now, Mr. Mackey, these eight indictments remaining—they all charge either rape or robbery and, the Court may sentence you in each of those cases to a term in the penitentiary of more than one year. You understand that this is the penalty provided by law?" and the defendant answered, "Yes, sir." We there held: "Such an admonition clearly did not apprise the defendant of the 'punishment fixed by law' for the crimes of rape and robbery. Defendant's response that he understood he could be sentenced to a term of 'more than one year' in the penitentiary also falls far short of the showing required by Rule 26." 33 Ill.2d 431, 438.

The People suggest that the defendant did understand the possible punishment he might receive, because it appears from the record in the hearing in aggravation and mitigation that he had previously been convicted of burglary and had received a sentence of 2½ to 7 years. A like argument was advanced in *Mackey* where the defendant, two weeks prior to the challenged proceeding, had been found guilty of rape by a jury and sentenced to a term of 20 to 60 years. In rejecting the argument we quoted from the holding of this court in *People* v. *Washington*, 5 Ill.2d 58, at page 63: " 'We see little or no merit to a contention that a defendant who enters a plea of guilty is chargeable with knowledge of matters *dehors* his own trial * * *. The very purpose of Rule 27a [now Rule 26] is to provide a form of procedure eliminating any doubt that a plea of guilty was made with full knowledge and understanding and to avoid the method of procedure where a defendant's knowledge and understanding were held to rest solely on implications arising from

the common-law record. To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leaves little, if any, room for indulgence in presumption.' " 33 Ill.2d 436, 438.

We hold that the defendant was insufficiently instructed as to the possible consequences of his plea of guilty and that it was error for the trial court to accept and enter the plea. The judgment of the circuit court of Marion County denying the post-conviction relief sought is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*