**People of the State of Illinois, Plaintiff-Appellee, v. Joseph E. Medley, Jr., et al., Defendants, Joseph E. Medley, Jr., Defendant-Appellant.**

Gen. No. 11,168.

Fourth District.

May 7, 1970.

Richard J. Cadagin, of Springfield, for appellants.

Richard A. Hollis, State's Attorney of Sangamon County, of Springfield, and Robert James Steigmann, Assistant State's Attorney, for appellee.

SMITH, J.

The sole issue in this case is whether or not the defendants were properly admonished as to the consequences of their pleas of guilty to the charge of armed

robbery. They appeared at different times before different judges, withdrew their pleas of not guilty and entered pleas of guilty. As to Sargent and Agans, the State's Attorney concedes that the admonition was inadequate and properly confesses error in this court. This leaves us only with the sufficiency of the admonition to Medley.

 So far as the consequences of his plea are concerned, the record shows the following colloquy:

Q. "You further understand if you plead guilty and the court accepts your plea of guilty you could be sentenced to an indeterminate term of years in the penitentiary with a minimum of not less than 2 years."

A. "Yes, sir."

Q. "Knowing all that do you still desire to plead guilty?"

A. "Yes, sir."

The court accepted the plea of guilty and imposed the sentence. The decision in this case is controlled by People v. Terry, 44 Ill2d 38, 253 NE2d 383. In Terry at p 38, the admonition held inadequate was as follows:

Court: "Well, the punishment for burglary is an indeterminate sentence in the penitentiary. What is it, Mr. Hall?"

Mr. Hall: (State's Attorney): "Not less than one year."

Court: "Not less than one year. And knowing that to be the penalty, do you still want to enter a plea of guilty, . . . Mr. Terry?"

Mr. Terry: "Yes, sir."

The State's Attorney insists however that People v. Scott, 43 Ill2d 135, 251 NE2d 190, controls. In Scott, the court advised the defendant that upon a conviction

of the crime of burglary, he could be sentenced to the penitentiary for any number of years and not less than one year. In Scott, the Supreme Court held the admonition sufficient. The State's Attorney concedes that the admonition in Scott using the words "for any number of years" is more simply stated than using the term "indeterminate number of years" and therefore we should follow Scott rather than Terry. We are not at liberty to do so. The court in Terry uses the precise language that the trial court did in this case and used the term "indeterminate." Both of these cases were decided by the Supreme Court after the events of the case at bar. The State's Attorney argues that actually it is pure semantics to differentiate between the term "indeterminate number of years" and the words "any number of years" and that this record does not show the defendant was in any way confused or misled by the use of the term "indeterminate." The State's Attorney asks us to apply an improper test. We might presume that the trial court would not have accepted this plea had it not been satisfied that it was understandingly made and that the defendant comprehended the nature of the crime charged and the punishment fixed by law. In so doing, we would be violating the mandate of the Supreme Court in People v. Mackey, 33 Ill2d 436, 211 NE2d 706, in which the Supreme Court said at p 438:

> "To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leaves little, if any, room for indulgence in presumption."

We are therefore not at liberty to indulge in presumptions as to what was in the mind of the court when it accepted the plea nor whether the defendant understood "an indeterminate number of years" as readily as "any

281

number of years." Its finding must be shown in the record. From the cases cited above, it is clear that it is the obligation of the trial court to follow the statute which states that a plea of guilty may be accepted when ". . . (2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea." Ill Rev Stats 1967, c 38, § 115-2.

Furthermore, Supreme Court Rule 401(b) provides that ". . . The court shall not permit a plea of guilty . . . unless the court *finds* from proceedings had in open court at the time . . . that he understands the nature of the charge against him, and the consequences thereof if found guilty, . . . ." (Emphasis ours.) There is no such express finding in this record. No reason is suggested nor does any appear why this simple procedure cannot be readily followed. The transcript required by the Supreme Court as to each of the three defendants falls short of approximating the admonition and the finding required by the statute, the rule, and the decisions.

Accordingly, this cause is reversed and remanded with directions to vacate the plea of guilty and the sentence imposed and for a rearraignment in accordance with the views herein expressed.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.