THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD J. VECCHIO et al., Defendant-Appellants.

(No. 70-190;

Fifth District—February 12, 1971.

Morton Zwick, Defender Project, of Chicago, (Matthew Moran, of counsel,) for appellants.

R. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendants were charged in an indictment with the crime of burglary. At their arraignment they entered a plea of not guilty. Subsequently they appeared with their attorney and changed their pleas from not guilty to guilty. Defendants' application for probation was granted, the term thereof to be three years with the first six months to be in confinement at the Illinois State Farm.

Defendants appeal contending that they were not sufficiently admonished as to the consequence of their plea of guilty before the same were entered.

The record discloses that at the hearing at which the guilty pleas were entered the following colloquy took place between the court and the defendants:

"THE COURT: Do you know what the maximum punishment for burglary is?

DEFENDANT ANGELO: Yes, Sir.

THE COURT: What is it?

DEFENDANT ANGELO: It is an undeterminate term.

THE COURT: Are you aware of this too, Mr. Vecchio?

DEFENDANT VECCHIO: Yes."

Later at the same hearing the court, in further admonition to the defendants, stated:

"* * * I tell you now that I am completely open-minded in your case. That I am free to dispose of your case in any way authorized by law. From probation on the most lenient terms or a minimum sentence, to the very maximum sentence permitted by law, and you must not be misled by anything that has been discussed between you and your lawyer or representatives of the State."

The court later advised the defendants as follows:

"Knowing all these things, having indicated you know what the charge is, that you know the consequences, that you know your rights and understandingly waive them, that your plea will be voluntary, or is voluntary, and that nothing regarding discussions is binding, do you still persist in pleading guilty?"

Other than the above there was nothing in the record pertaining to the consequences of a guilty plea or the possible sentences that could be imposed upon conviction of the crime charged.

The guilty pleas of the defendants were improperly accepted because they were not properly admonished as to the maximum penalty provided by law which could be imposed upon acceptance of such plea. Chapter 38, Section 115–2(a)(2), Illinois Revised Statutes, 1969, provides that a plea of guilty may be accepted when the court has informed the defendant of the consequence of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea. In order to insure that no defendant enters a plea of guilty to a criminal charge without full knowledge and understanding of the nature of the crime with which he is charged and the consequences of a plea of guilty, the Supreme Court adopted rule 401(b) (Chapter 110A, Section 401(b), Illinois Revised Statutes, 1969). The rule provides that: "The Court shall not permit a plea of guilty * * * unless the Court finds from proceedings held in open court * * * that the accused understands the nature of the charge against him, and the consequences thereof if found guilty. The inquiries of the court and the answers of the accused to determine whether he * * * comprehends the nature of the crime with which he is charged *and the punishment thereof fixed by law*

shall be taken and transcribed and filed in the case." (Emphasis added.)

The admonition as to the consequences of the plea and the punishment that could be imposed upon conviction that was given the defendants in this case is similar to those in *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383 (1969); and *People v. Medley*, 122 Ill.App.2d 279, 258 N.E.2d 392 (1970). The holding in those cases makes it clear that the admonition as to the consequences of the plea of guilty and the possible punishment that could be imposed upon conviction given the defendants in this case was not sufficient. We therefore reverse defendant's conviction and remand this case to the trial court with directions for the trial court to permit the defendant to withdraw his plea of uilty and plead anew. As stated in the *Medley* case:

"\* \* \* Supreme Court Rule 401(b) provides that '\* \* \* The court shall not permit a plea of guilty \* \* \* unless the court finds from proceedings had in open court at the time \* \* \* that he understands the nature of the charge against him, and the consequences thereof if found guilty \* \* \*' "

Also see *People v. Mackey*, 33 Ill.2d 436, 211 N.E.2d 706 (1965); *People v. Washington*, 5 Ill.2d 58, 128 N.E.2d 890 (1955); and *People v. Krolage*, 224 Ill. 456, 79 N.E. 570 (1906).

Reversed and remanded.

EBERSPACHER and G. MORAN, JJ., concur.