THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD P. PROBERT, Defendant-Appellant.

(No. 71-250;

Fifth District—January 27, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, Edward P. Probert, entered a plea of guilty in the Circuit Court of St. Clair County to a charge of escape and was sentenced to 5 years probation. In 1967, about a year and a half after defendant's conviction, a petition to revoke defendant's probation was filed, alleging that defendant on several occasions stayed out all night; that he had not been able to hold a steady job; and that he had been arrested for a charge of armed robbery. The latter two allegations were stricken and after hearing evidence the trial court revoked defendant's probation and sentenced him to a term of 8 to 10 years imprisonment. Defendant has appealed from the order revoking probation and the sentence.

The defendant's principal claim on this appeal is that the sentence was excessive. Defendant was 21 years old when he was sentenced. At the time of his original conviction for escape he was confined in the county jail on a charge of auto theft. However, he was never convicted on this charge and so far as the record shows, defendant has no prior criminal record. The probation officer testified at the hearing that he had worked

closely with defendant's parents, "who seemed to have a desire to have him do right." The parents had reported that defendant had left home on several occasions and stayed away for several days. Defendant had always reported on time, but had not resumed his education. The officer knew of no criminal laws which defendant had violated and the only testimony he could offer in support of the revocation petition was that defendant had on some occasions stayed out too late. In his comments in connection with revoking probation the court criticized the probation officer for being too lenient and remarked that he could think of nothing else to do, since they had tried and failed.

■■ In imposing sentence following revocation of probation, as distinguished from the revocation itself, it is improper to consider offenses subsequent to the granting of probation. (*People v. Livingston,* 117 Ill. App.2d 189.) Here the record indicates that defendant was punished, not for the original crime, but for violating the trust placed in him. At the time of the original conviction the court felt that defendant was a proper subject for rehabilitation through probation and we agree with this assessment. With this premise in mind it is clear that the sentence of 8 to 10 years imposed because defendant had stayed out all night was grossly excessive. Defendant has now served 4 years in the penitentiary and in our opinion the interest of justice will be best served by reducing the sentence to a minimum of 1 year and a maximum of the time already served, and it is so ordered.

Judgment modified and affirmed as modified.

MORAN, P. J., and EBERSPACHER, J., concur.