The People of the State of Illinois, Plaintiff-Appellee, *v.* Richard Short, Defendant-Appellant.

(No. 72-79; )

Third District—April 17, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant Richard Short raises several issues in this appeal, but we first direct our attention to whether the admonition given by the trial court before it accepted the defendant's plea of guilty is adequate.

On December 8, 1970, a jury was selected in the circuit court of Kankakee County to hear a case charging the defendant with the crimes of armed robbery and rape. The following day prior to the commencement of the trial the defendant elected to forego a jury trial and to enter a plea of guilty to the crime of armed robbery. The State in turn agreed to *nolle prosse* the rape charge and to recommend that any sentence received by the defendant should be served concurrently with a sentence

which he was to receive for prior convictions of aggravated battery and armed violence. The court accepted the plea of guilty and sentenced defendant to a term of not less than 5 nor more than 10 years in the penitentiary.

The Supreme Court Rule then and now governing pleas of guilty provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) * * *

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; * * *." Chap. 110A, Sec. 402, Ill. Rev. Stat.

An examination of the record reveals the following colloquy between the court and the defendant as to the consequences of a plea of guilty to the charge of armed robbery.

"The Court: Before I can accept your plea of guilty and allow your motion to withdraw your plea of not guilty, it is my duty to fully advise you of your rights under the law and the effect and consequences of such a plea of guilty. You have been previously advised of the charge against you, Armed Robbery, and you know what the consequences of that would be?

Defendant: Yes.

The Court: Minimum of two years and an indeterminate number of years in the State Penitentiary?

Defendant: Yes."

Such an admonition clearly would not appraise the defendant of the penalty to which he might be subjected for the crime of armed robbery and falls far short of the requirements set forth in Supreme Court Rule 402. In *People v. Terry,* 44 Ill.2d 38, 253 N.E.2d 383, our Supreme Court held that the defendant was insufficiently admonished as to the consequences of his plea of guilty to a charge of burglary when the trial court only told him that his punishment could be an indeterminate sentence of not less than one year. Likewise in *People v. Medley,* 122 Ill. App.2d 279, 258 N.E.2d 392, a plea of guilty to armed robbery was vacated where it was not affirmatively shown on the record that the defendant understood the admonition that he could be "sentenced to an indeterminate term of years in the penitentiary with a minimum of not

less than 2 years." See also *People v. Mackey,* 33 Ill.2d 436, 211 N.E.2d 706; *People v. Fairchild,* (Ill.App.2d), 272 N.E.2d 445; *People v. Mc-Cracken,* 3 Ill.App.3d 759, (Case No. 71-169, 5th Dist., filed January 28, 1972).

The State urges that the admonition given was sufficient since the defendant had long been represented by counsel, that the previous day had been spent in selecting a jury in his presence and that only 19 days previously the defendant had been engaged in another criminal trial and as the result of such experience it could be presumed that he was familiar with the possible consequences resulting from a plea of guilty to the crime of armed robbery. The fact that the defendant was represented by counsel was considered in *McCracken* and the reviewing court held that an admonishment which referred to an indeterminate term in the penitentiary was inadequate even though counsel for the defendant replied in the affirmative to the effect that he had advised his client of the punishment for the crime charged. In *McCracken* two weeks prior to the entry of pleas of guilty by the defendant to the charges of rape and armed robbery he had been found guilty of rape by a jury and sentenced to a term of 20 to 60 years, so it was a contention of the State that the defendant must therefore be presumed to have been fully aware of the consequences of the challenged pleas. Our Supreme Court did not agree with this contention and cited the case of *People v. Washington,* 5 Ill.2d 58, 124 N.E.2d 890, where it was stated:

"We see little or no merit to a contention that a defendant who enters a plea of guilty is chargeable with knowledge of matters *de hors* his own trial * * *."

It may well be that the defendant in the instant case understood the consequences of his plea, but we are not at liberty to indulge in such a presumption. From the cases cited it is clear that the trial court must follow Supreme Court Rule 402 which carefully spells out the information which must be conveyed to a defendant in order to give him full knowledge of the charge against him and the rule leaves little if any room for indulgence in presumption. As we reach this conclusion we are not unmindful of the case of *People v. Anderson,* 2 Ill.App.3d 179, which arrived at a contrary holding when the same question was presented. However, we believe that the better cases are those which we have cited and in fact we have cited a case subsequent to the holding in *Anderson* which sustains our view that reversible error was committed in the instant case as far as the court's admonitions were concerned.

■■ We therefore hold that the defendant was insufficiently instructed as to the possible consequences of his plea of guilty and that it was error for the trial court to accept and enter the plea. With this holding it be-

comes unnecessary for us to consider the remaining issue raised by the defendant which pertains to the sentence he received.

■■ Accordingly this cause is reversed and remanded with directions to vacate the plea of guilty and sentence imposed and further the count of the indictment *nolle prossed* by the State which charged the crime of rape shall be reinstated (see *People v. Baron*, 130 Ill.App.2d 588, 264 N.E.2d 423) and a rearraignment shall be had in accordance with the views herein expressed.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.