THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD HUGGINS, Defendant-Appellant.

(No. 72-182; ▆▆▆▆▆▆▆▆▆▆▆▆)

Third District—May 14, 1973.

James Geis, of Defender Project, of Ottawa, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Harold Huggins appeals from a judgment and sentence for robbery of 3 to 5 years and a sentence of 3 to 10 years for burglary, with sentences to run consecutively. The judgments and sentences followed the entry of a plea of guilty to a charge of robbery and burglary. A confederate in the crime, George Dewey Cavin, was sentenced to terms of 1 to 3 years for robbery and 1 to 3 years for burglary, with sentences to run concurrently. On appeal in this court, defendant contends that the court failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402) before accepting defendant's guilty plea, and,

also, that the sentence imposed on defendant was excessive and should be reduced.

■■ It is principally contended that the trial court advised defendant as to the sentence for burglary that "a person convicted of burglary shall be imprisoned in the penitentiary for an indeterminate term of not less than one year." It is contended that this is not an adequate admonition even though it is expressed in the words of the statute. It was indicated in the Illinois Supreme Court case of *People v. Terry*, 44 Ill.2d 38, that such an admonition in that case was inadequate. Although we do not believe the rule is a desirable one, this court also concluded in *People v. Short*, 4 Ill.App.3d 849, 281 N.E.2d 785, that such admonition is inadequate. In neither opinion was the trial court advised as to what should be said with respect to the maximum term, since any number of years could be selected in fixing a sentence, and only the minimum was specifically decreed by statute. We have assumed that the trial court in a case of this type (in the interest of not misleading a defendant into thinking he would receive the minimum sentence or some similar sentence relating to the minimum of one year) could advise defendant that he could be sentenced to a maximum number of years, "such as 10 years or 15 years" or some other number of years as a maximum, which would at least be equal to the maximum actually imposed by the court in the case. If such language was used, there could hardly be a contention that a defendant was misled as to the potential maximum by the recital of the very low minimum which might be involved.

■■ While we are dubious as to the actual misleading character of the admonition in the present case, and believe that in most situations an admonition referring to the sentence in terms of the statutory language should be sufficient, we feel compelled, as a result of *People v. Short*, 4 Ill.App.3d 849, and *People v. Terry*, 44 Ill.2d 38, to conclude that such admonition, without specifying any potential maximum, might be misleading and, therefore, not in compliance with Supreme Court Rule 402.

■■ As a consequence, therefore, we conclude that in the instant case, defendant should be permitted to withdraw his plea of guilty, the sentence should be vacated and this cause should be reversed and remanded to the circuit court of Iroquois county with directions to vacate the sentence and judgment imposed as to defendant and to permit defendant to withdraw his plea of guilty and for further proceedings in such court.

This cause will, therefore, be reversed and remanded to the circuit court of Iroquois County as indicated in this opinion.

Reversed and remanded with directions.

STOUDER and DIXON, JJ., concur.