436

(No. 73-111;

Third District—December 6, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant James R. Edwards appeals from judgment of the Circuit Court of Iroquois County finding him guilty of the crime of Armed Robbery pursuant to which he was sentenced to a term of five to ten years. The sole issue on appeal in this case, is the contention by defendant that the trial court did not properly admonish defendant as to the minimum and maximum possible sentences for the crime of Armed Robbery before accepting defendant's plea of guilty, as required by Supreme Court Rule 402. Ill. Rev. Stat. 1971, ch. 110A, § 402.

The record shows that the court specifically informed defendant that the possible sentence for armed robbery could be "a minimum of four to an indeterminate number of maximum years which would make it no less than four to an indeterminate number of years." Defendant was asked whether he understood the sentence prescribed, and defendant answered that he did.

Defendant contends, under the precedent of *People v. Terry,* 44 Ill.2d 38, 253 N.E.2d 383, and certain cases following the *Terry* case, that he was not properly admonished as to the maximum sentence which might be imposed. It is notable that in the *Terry* case as well as in *People v.*

*Short,* 4 Ill.App.3d 849, 281 N.E.2d 785, and in *People v. Huggins,* 11 Ill.App.3d 307, 296 N.E.2d 360, that the defendant was simply advised that punishment was "an indeterminate sentence" and not less than one year. There was no further dialogue or discussion between the court and defendant as to the maximum term of the sentence.

The Illinois Supreme Court, however, in *People v. Gaines,* 48 Ill.2d 191 (1971), in considering an issue specifically parallel to the issue before this Court, stated that the trial court told the defendant he could be sentenced "to an indeterminate term in the Illinois State Penitentiary for any number of years, and the court can fix the minimum and maximum terms of such sentence." In the case before us, the trial court, in fact, did more than did the court in *People v. Gaines* referred to. In the instant case, the court advised defendant that the maximum sentence could be an indeterminate number of years, but also advised the defendant that the sentence was solely within the province of the court, and the court could fix the minimum and maximum number of years, and that the court was not bound by the recommendation of the State's Attorney. The court inquired at considerable length as to whether defendant understood the nature of the sentence and received an affirmative answer from defendant.

Obviously, we should follow the Supreme Court decision in *People v. Gaines,* 48 Ill.2d 191 (1971), which was decided after *People v. Terry.* On the basis of the *Gaines* precedent, we find that the defendant was properly admonished as to the minimum and maximum possible sentence and that there was no reversible error by the trial court as to this issue.

The judgment of the Circuit Court of Iroquois County will, therefore, be affirmed.

Affirmed.

DIXON and SCOTT, JJ., concur.