The People of the State of Illinois, Plaintiff-Appellee, *v.* Theresa Ramirez, Defendant-Appellant.

(Nos. 57562, 57563 cons.; ▮▮▮▮▮▮▮▮▮

First District (3rd Division)—February 14, 1974.

James J. Doherty, Public Defender, of Chicago (Ian Levin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Elmer C. Kissane and Peter F. Costa, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged in two indictments in the circuit court of Cook County with unlawful possession of a narcotic drug and in one indictment with unlawful possession and sale of a narcotic drug. She withdrew her pleas of not guilty, entered pleas of guilty to the crimes charged, and was sentenced to two to four years on each charge, the sentences to run concurrently. Defendant appeals, contending that the trial court committed reversible error by failing to comply with specific sections of Supreme Court Rule 402 regarding its acceptance of her pleas. Defendant's brother, a co-defendant in these proceedings, is not involved in this appeal.

When the case was called for trial, defendant's attorney informed the court that the results of a plea-bargain agreement engaged in by the court, the prosecutor, and him on the preceding day had been relayed to the defendant and that defendant wished to withdraw her pleas of

not guilty and enter pleas of guilty to the crimes charged in the indictments.

The trial judge then advised defendant that a plea of guilty waived her rights to a jury trial, to confront the witnesses against her, and to plead not guilty and compel the State to establish her guilt beyond a reasonable doubt. Without stating the terms or the result of the plea-bargain arrangement, the court then asked defendant whether the results of the conference conducted the previous day, pursuant to defendant's request, involving the court, the State, and her defense counsel, had been transmitted to her, to which the defendant replied affirmatively. Defendant replied negatively when the judge asked if any force, duress, or promises "aside from the results of the conference" had forced her to alter her pleas. After the assistant State's Attorney had read the indictments and stipulated facts involved in the indictments, the court announced that these were sufficient factual bases to accept the pleas and entered final judgments upon them. The record is silent regarding any admonition by the trial judge concerning the minimum and maximum sentences to which the defendant would be subject by her guilty pleas, and the State admits that none was given. A hearing on aggravation and mitigation was conducted on the following Monday, and the trial judge and defense counsel had a brief discussion on the record in which it was implied that another judge promised to render a sentence at a later time for defendant's violation of probation which would be served concurrently with the one handed down in the instant case.

Defendant contends that the trial court committed reversible error in its acceptance of defendant's guilty pleas, specifically by its failure to state the terms of the plea bargaining agreement in open court, as required by Supreme Court Rule 402(b); by its failure to indicate its concurrence or conditional concurrence of the ageement in open court, as required by 402(d)(2); by its failure to advise the defendant of the minimum and maximum sentences to which her guilty pleas would make her subject, as required by 402(a)(2); and by its failure to determine if the defendant was fully apprised of the nature of the offenses to which she was charged, as required by 402(a)(1).

■■ Supreme Court Rule 402 (Ill. Rev. Stat. 1970, ch. 110A, par. 402) sets forth the procedures to be utilized and warnings to be given by the trial court to a defendant who expresses a desire to plead guilty to a crime, and by its terms requires substantial compliance on the part of the trial judge rather than absolute compliance. We believe, however, that the trial court's total failure to advise the defendant of the possible minimum and maximum penalties fixed by law for the offenses and the court's failure to state the terms of the plea bargaining agreement was

a failure to substantially comply with Supreme Court Rule 402, and therefore constituted reversible error.

The less stringent forerunners to Rule 402 also contained a provision, Supreme Court Rules 27A and then 401(b), requiring that a defendant be advised of the penalties to be faced by entering a plea of guilty. The Supreme Court consistently has held that non-compliance with that provision required reversal of the conviction. (*People v. Mackey* (1965), 33 Ill.2d 436, 211 N.E.2d 706; *People v. Washington* (1955), 5 Ill.2d 58, 124 N.E.2d 890.) In *Washington*, the court stated at p. 62:

> "Similarly, defendant was never informed of the punishment fixed by law for the crime charged nor was he apprised of the limits of the punishment he might receive as a result of his plea, an omission which has long been held to constitute error. *Krolage v. People*, 224 Ill. 456; *People v. Moore*, 342 Ill. 316."

Since Rule 402 has come into effect, Illinois courts have held that failure to advise defendant of the minimum and maximum sentences to which guilty pleas would make the accused subject, constitutes an absence of substantial compliance with Rule 402. (*People v. Short* (1972), 4 Ill.App. 3d 849, 281 N.E.2d 785; *People v. Fairchild* (1971), 133 Ill.App.2d 875, 272 N.E.2d 445.) However, compare *People v. Goodman* (1971), 2 Ill. App.3d 584, 277 N.E.2d 136; *People v. Warship* (1972), 6 Ill.App.3d 461, 285 N.E.2d 224; and *People v. Hartman* (1972), 6 Ill.App.3d 543, 285 N.E.2d 600.

Additionally, the trial court failed to state the terms of the plea bargaining agreement in open court, as required by 402(b). In *People v. Ridley* (1972), 5 Ill.App.3d 680, 284 N.E.2d 37, we held that the great weight and significant inducement which a plea bargain agreement bears on the will of the defendant requires that 402(b) be followed to enable the trial judge to discern the true voluntariness of a guilty plea. The second aspect of the *Ridley* decision was to discourage future collateral attacks upon guilty pleas. In the present case, we reaffirm our belief that full disclosure of the plea bargaining agreement on the record represents the only effective method to prevent a defendant from swearing falsely in a later attack that the terms of the agreement reached were other than the actual sentence imposed. Nor do we believe that the facts in the present case are distinguished from *Ridley* because here the trial judge and defense counsel had a brief discussion in open court in which it was allegedly implied that defendant would receive a sentence which would run concurrently with another sentence to be handed down later by another trial judge.

■■ In view of the fact that the trial court failed to advise defendant of the minimum and maximum sentences which her guilty pleas would

make her subject and failed to state the terms of the plea bargaining agreement in open court, we find that the trial court did not substantially comply with the requirements of Rule 402. Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings not inconsistent with the holdings in this opinion.

Judgment reversed and remanded.

DEMPSEY and MEJDA, JJ., concur.