THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS RAY JAMES, Defendant-Appellant.

(No. 12464;

Fourth District—November 21, 1974.

John F. McNichols, J. Daniel Stewart, and John L. Swartz, all of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (Frederick Underhill, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Thomas Ray James, appeals from his conviction pursuant to a guilty plea of the offense of burglary in violaton of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 19—1) and from a sentence imposed of 2 to 6 years.

Defendant raises the following issues for resolution by this court:

(1) Whether defendant was properly admonished of the sentence prescribed by law because he was not informed that the term of imprisonment would be indeterminate.

(2) Whether defendant was properly admonished of the maximum sentence prescribed by law because he was not informed of the existence of a mandatory parole term.

(3) Whether defendant was properly admonished of the minimum sentence prescribed by law because he was not informed of the possibility of conditional discharge and periodic imprisonment.

Defendant was charged with the offense of burglary and on September 11, 1973, defendant appeared in court to enter a guilty plea to said charge. The court stated to defendant in regard to sentencing as follows:

"The Court:  *  *  *  The sentence under this is a Class 2 Felony which means you could be given a sentence of anything from one to twenty years, do you understand that?

Defendant James: Yes, sir."

The court then explained to defendant the possibility of probation:

"The Court: Another thing the Court must explain to you and I assume there will be a motion for probation, that is strictly up to the Court—if probation is recommended that doesn't mean the Court would have to give you probation—if it was recommended that probation be denied, it doesn't mean the Court would have to deny it, do you understand that?

Defendant James: Yes."

The trial judge subsequently entered judgment on the plea. On October 4, 1973, a sentencing hearing was held, defendant's petition for probation was denied, and defendant was sentenced to 2 to 6 years in the penitentiary. Defendant then filed his notice of appeal.

Defendant first contends that he was not properly admonished of the sentence prescribed by law under Supreme Court Rule 402(a)(2) because he was not informed by the trial judge prior to acceptance of his guilty plea that the term of imprisonment would be indeterminate (as required by the Unified Code of Corrections, Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1). We find that argument, however, to be lacking in merit.

■■ Defendant cites only *People v. Medley,* 122 Ill.App.2d 279, 258 N.E.2d 392 (4th Dist.) in support of his contention. In *Medley* this court held that the use of the phrase "an indeterminate term of years" to be an insufficient admonishment of the applicable maximum sentence. The *Medley* case is simply one of a long line of cases holding the term "indeterminate" insufficient to set the outer limits of a sentence or to adequately apprise defendant of the maximum possible sentence. (See *People v. Terry,* 44 Ill.2d 38, 253 N.E.2d 383; *People v. Zboralski,* 15 Ill.App.3d 343, 304 N.E.2d 484; *People v. Fairchild,* 133 Ill.App.2d 875, 272 N.E.2d 445; *People v. Vecchio,* 131 Ill.App.2d 1080, 267 N.E.2d 27; *People v. McCracken,* 3 Ill.App.3d 759, 279 N.E.2d 181; *People v. Short,* 4 Ill.App.3d 849, 281 N.E.2d 785; *People v. Buck,* 7 Ill.App.3d 758, 288 N.E.2d 548.) These cases are, however, not applicable to our present discussion because the word "indeterminate" was not used in the admonition here.

■■ In *People v. Williams,* 16 Ill.App.3d 199, 200, 305 N.E.2d 544, the court upheld the admonition " 'The punishment could range anywhere from four years to infinity, which to me means the end of the world' " as sufficient because the minimum and maximum were given in terms ordinary people could readily understand. Likewise, the defendant here was admonished in regard to sentencing in terms that an ordinary person could readily understand, and defendant clearly was informed of the limits of his exposure to penitentiary punishment. Hence, the admonition here is sufficient even without a reference to the "indeterminacy" of the possible term, and such an admonition constitutes substantial compliance with Supreme Court Rule 402(a)(2).

■■ Defendant next contends that he was not informed of the maximum sentence prescribed by law under Supreme Court Rule 402(a)(2) in that he was not informed prior to acceptance of his guilty plea of the existence of a mandatory parole term written into every sentence under section 5—8—1(e)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(2)). We find our decision in *People v. Wills,* 23 Ill.App.3d 25, 319 N.E.2d 269 to be dispositive of this issue, and hold that failure to admonish as to the mandatory parole term was not error. Also see *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559.

Defendant further contends that he was not informed by the trial judge prior to the acceptance of his guilty plea of the minimum sentence prescribed by law under Supreme Court Rule 402(a)(2) because he was not informed of the possibility of conditional discharge and periodic imprisonment. We find our decisions in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, to be dispositive of this issue. In *Butchek* we held that a trial judge need not inform a defendant of the possibility of periodic imprisonment to fully comply with Supreme Court Rule 402(a)(2). In *Wills* we held that the rationale of *Butchek* was equally applicable to conditional discharge, and a trial judge, likewise, need not inform a defendant of this sentencing alternative to fully comply with Supreme Court Rule 402(a)(2). See also *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

Accordingly, for the reasons stated above the judgment of the circuit court of Vermilion county is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.