THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARCHIE FAIRCHILD, Defendant-Appellant.

(No. 70-172; ■■■■■■

Fifth District—June 29, 1971.

Morton Zwick, of Defender Project, of Chicago, (Kenneth L. Gillis, of counsel,) for appellant.

Frank H. Walker, State's Attorney, of Mt. Vernon, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant entered a plea of guilty to the offense of burglary in the Circuit Court of Jefferson County on March 5, 1970, and was sentenced to the penitentiary for a term of not less than four nor more than seven years. The sole question on appeal is whether, prior to acceptance of defendant's plea, the trial court's admonition was adequate. It is contended that defendant did not, and from the court's admonition could not, understand or know the limits of the punishment that could be imposed for the offense to which he asked to plead guilty.

The only admonition given to defendant as to his possible sentence was contained in the following question: "Do you understand if the Court accepts your plea of guilty it will be the duty of the Court to fix your punishment within the limits prescribed by law, which states that one convicted of BURGLARY is sentenced to an indeterminate period at the State Penitentiary or the Department of Corrections for an indeterminate period of a minimum of one year, and the Court may in his discretion fix the minimum and the maximum. Do you understand that?" The defendant replied, "Yes, Sir."

The governing rules on accepting pleas of guilty are contained in the Criminal Code, ch. 38, sec. 115—2(a)2, Illinois Revised Statutes, and Supreme Court Rule 401(b). (ch. 110A, sec. 401(b), Ill. Rev. Stat.) The Code provides that a plea of guilty may be accepted when "* * * (2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea." Supreme Court Rule 401(b) states in substance that a guilty plea cannot be accepted unless it is found that an accused comprehended the nature of the crime charged and the punishment fixed by law.

On a number of occasions courts of review in this state have applied these rules to facts almost identical to those in this case and have found the admonition inadequate. In *People v. Terry*, 44 Ill.2d 38, an admonition that the penalty for burglary was an indeterminate sentence in the penitentiary of not less than one year was held insufficient to satisfy the requirement that the defendant be apprised of the maximum possible punishment. Just recently in *People v. Gaines*, 48 Ill.2d 191, the Supreme

Court approved the *Terry* case when it distinguished the language used there from the admonition before it where defendant was advised he could be sentenced to "an indeterminate term for any number of years," with the court having the right to fix the minimum and maximum terms of such sentence. The distinguishing feature was the addition to the admonition that the maximum sentence could be "for any number of years." It recognized that the *Terry* admonition was insufficient and that the admonition before it was sufficient, equating the latter with that given in *People v. Scott*, 43 Ill.2d 135, which was also held sufficient where the defendant was informed he "could be sentenced to the penitentiary for any number of years not less than one year." In *People v. Mackey*, 33 Ill.2d 436, the court held that defendant's response that he understood he could be sentenced to a term of "More than one year" in the penitentiary for rape and robbery was clearly insufficient and fell far short of the requirement. In *People v. Vecchio*, 267 N.E.2d 27, we recently held an admonition insufficient where the defendant, in reply to the court's question, stated that he knew the penalty for burglary was an "undeterminate term."

The State argues that this case is distinguishable from the cases cited. Attention is called to the fact that a number of other burglary charges were pending against defendant at the time he entered his plea; that he was fully aware of the discussions at the time he entered his plea; that he was fully aware of the discussions between his counsel and the State's Attorney and knew that upon the entry of his plea these other charges would be dismissed, as they were, immediately after his plea. It is argued that under such circumstances it is incredible to suppose that defendant's plea was not made understandingly and knowingly; that undoubtedly defendant was aware of the maximum possibly penalty and that he fully understood all of his rights as the trial court so found.

In effect, what the State is arguing is that, after considering all of the facts, the trial court and this court have a right to believe that the defendant fully understood that the phrase "an indeterminate number of years" meant that his maximum penalty could be life imprisonment. We understand and appreciate this argument, but our belief, or that of the trial court, is of no consequence in the absence of compliance with the mandatory requirement that a defendant be specifically informed of the maximum punishment. In *People v. Medley*, 122 Ill.App.2d 279, it was held that a court of review is not at liberty to indulge in presumptions as to whether a defendant understood "an indeterminate number of years." In *People v. Washington*, 5 Ill.2d 58, and quoted with approval in *People v. Terry*, 44 Ill.2d 38, it is stated: "The very purpose of Rule 27a (now 401(b)) is to provide a form of procedure eliminating any doubt that a

plea of guilty was made with full knowledge and understanding, and to avoid the method of procedure where a defendant's knowledge and understanding were held to rest solely on implications arising from the common law record. To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leave little, if any, room for indulgence in presumption."

On the basis of the precedents cited we find that the admonition of the trial court herein was insufficient to apprise the defendant of the maximum possible punishment which could be imposed upon the acceptance of his guilty plea. The judgment of the Circuit Court of Jefferson County is therefore reversed and the cause is remanded with directions to vacate the plea of guilty and the sentence imposed, and for further proceedings consistent with this opinion.

Reversed and remanded.

EBERSPACHER and G. MORAN, JJ., concur.