THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEONARD W. BUCK *et al.*, Defendants-Appellants.

(Nos. 71-226, 71-325 cons.;

Fifth District—October 16, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, (John M. Cutrone, Senior Law Student, of counsel,) for appellants.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants pled guilty on negotiated pleas to the crime of armed robbery (Ill. Rev. Stat., ch. 38, par. 18—2), in the Circuit Court of St. Clair County and were sentenced to terms of eight years to eight years and one day in the penitentiary. They appeal.

They contend that the trial court failed to comply substantially with Supreme Court Rule 402(a)(2) and (3). 50 Ill.2d R. 402.

The record before us shows only this exchange on this point:

"Court: On your plea of guilty on your individual charge, you understand it will be no less than two nor more than any indeterminate time as a maximum time? Do you understand that?

Both Defendants: Yes, sir."

There is not enough difference between this and what was said on this point in *People v. Helvie*, 1 Ill.App.3d 887, 275 N.E.2d 285, to rule other than we did in that case. The admonishment that a sentence may be for an "indeterminate time" is insufficient to apprise the defendant of the fact that he faces the possibility of life imprisonment. The fact that these were negotiated pleas does not remove this case from the rule stated in *People v. Helvie*, 1 Ill.App.3d 887, 275 N.E.2d 285; and *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383. The argument that negotiated pleas should be treated differently in this respect was rejected by this court in *People v. Fairchild* (133 Ill.App.2d), 272 N.E.2d 445, wherein it was stated unequivocally that it is a "mandatory requirement that a defendant be specifically informed of the maximum punishment."

For the foregoing reason the judgment of the trial court is reversed and these cases are remanded to the Circuit Court of St. Clair County with directions that defendant be allowed to plead anew.

Reversed and remanded, with directions.

EBERSPACHER and CREBS, JJ., concur.