THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD ALBERT SPICER, Defendant-Appellant.

(No. 72-136; ▮▮▮▮▮▮▮▮▮▮▮▮▮)

Third District—March 15, 1973.

Steve Hurley, of Defender Project, of Ottawa, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

This was a proceeding by indictment against Ronald Albert Spicer, the defendant, charging him with the offense of burglary. He entered a plea of guilty to the charge and on Jan. 12, 1972, was sentenced by the Circuit Court of Rock Island County for a term of 2 to 4 years.

The defendant first contends that he was not properly admonished upon his guilty plea as to the maximum penalty possible.

In November 1971, after indictment and after a preliminary hearing the case was set down for trial. In December defendant's counsel made a motion to withdraw which motion was not then ruled upon. On Jan. 6, 1972, defendant was given a one-week continuance in order to employ another attorney. He was unsuccessful and on Jan. 11 he appeared with his original attorney. A jury was selected, sworn and excused for the day. After the jury had been excused the court was notified that defendant wished to change his plea from not guilty to guilty and a signed jury waiver and plea of guilty was handed to the judge. After determining defendant's age and extent of schooling (3 years of college) the court advised the defendant that he had the right to proceed with the jury and defendant indicated he understood.

The court inquired into the facts of the crime and then asked the defendant if the facts as recited by the State's Attorney were as the defendant understood them to be and defendant said they were.

Defendant was then asked if he was entering the plea of guilty because in his own mind he believed he was guilty. He replied that he did so believe.

The judge then inquired as to whether there had been any plea negotiations. There had been, and the court was advised that the defendant was on parole and if his parole was revoked it would be necessary to spend about 3 years in the penitentiary; that an agreement had been reached; that as part of a plea bargain, the State would recommend a 2 to 5 year sentence to run concurrently with any time assessed as a result of revocation of parole. Defendant agreed that this was his understanding of the agreement.

After some further colloquy the court asked the defendant if he was satisfied with his counsel. The defendant replied that he was not, that the only reason he had plead guilty was because he believed he couldn't get another lawyer appointed, that he believed he would be found guilty if he was represented by his attorney and that he didn't think he was guilty.

The court thereupon withdraw its previous acceptance of defendant's plea and declared that the case would proceed before the jury in the morning.

The next morning defendant advised the court that he wished to plead guilty again. The court again asked the defendant if he believed he was guilty and the defendant replied in the affirmative. The defendant was then asked to tell the court what happened concerning the commission of the offense charged and the defendant proceeded to

give a detailed account of how he willingly participated in the commission of the burglary.

The defendant was asked if it was his desire to persist in his plea of guilty to which he replied that it was. Another waiver of jury and plea of guilty was signed by the defendant. As a result of further plea negotiations the agreement had been reduced to 2 to 4 years concurrent with any time assessed as a result of revocation of parole. The defendant indicated that he understood the new agreement.

The court asked defendant if he was now satisfied with the representation that he had received from his attorney and he replied that he was. The court then accepted the plea and sentenced the defendant exactly according to the terms and conditions of the agreement.

Supreme Court Rule 402, S.H.A. ch. 110A, sec. 402 provides,

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>> (a) Admonitions to defendant. The court shall not accept a plea of guilty without first, by addressing the defendant in open court, informing him of and determining that he understands the following:
>>> *  *  *
>>> (a) the minimum and maximum sentence prescribed by law, including when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences.
>>> *  *  *
>> (d) Plea discussions and Agreements. When there is a plea discussion or a plea agreement, the following provisions, *in addition to the preceding paragraphs of this rule, shall apply:*
>> *  *  *."

The Code of Criminal Procedure of 1963 also contains in sections 113-4(c) and in 115-2(a)(2) a requirement that the maximum penalty should be explained to the defendant. Section 115-2(a) is an abbreviated form of former section 732 of Chapter 38.

As early as 1906 in the case of *Krolage v. People*, 224 Ill. 456, the court construed the section of the Criminal Code, which then provided, "In cases where the party pleads 'guilty' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; * * *", to require an explanation of the length of time the accused might be sentenced to the penitentiary.

■■ The requirement of *Krolage* continued to be the law and was codified by the Criminal Code of 1963 where it remains. Supreme Court

Rules have contained a requirement since their inception. The Rules are intended to provide a procedure which will eliminate any doubt that accused understands the nature of the charge and its consequences. *People v. Mackey*, 33 Ill.2d 436; *People v. Mace*, 79 Ill.App.2d 422; *People v. Stevens*, 68 Ill.App.2d 265.

■■ The substance of the requirement is that a defendant must understand his rights and the limits of his exposure to punishment. (*People v. Eads*, 2 Ill.App.3d 411, 272 N.E.2d 293.) The object is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea of guilty if, after having heard the consequences he desires to be tried by a jury. *People v. Kontopoulos*, 26 Ill.2d 388; *People v. Wilke*, 390 Ill. 598; *People v. Evans*, 45 Ill.2d 265.

■■ The record here is devoid of any reference by the trial court as to the minimum and maximum sentence prescribed by law. How can there then be substantial compliance? The substance of the requirement is that a defendant must understand the limits of his exposure to punishment. Notice of both the minimum and maximum sentence prescribed by law is based on the assumption that notice of both will give the defendant a realistic picture of what might happen to him. (Committee Comments, S.Ct. Rule 402.) The fact that the plea of guilty was a negotiated plea has been held not to remove the case from the rule. *People v. Buck*, 7 Ill.App.3d 758, 288 N.E.2d 548.

■■ Having determined that the Rule was not complied with, we must also determine the effect of non-compliance. As near as we can determine it has always been held that when the Circuit Court did not comply with the statute or its progeny rules the defendant's guilty plea must be set aside and his case remanded for another hearing at which he may plead anew. (*Krolage v. People*, 224 Ill. 456; *People v. Rusk*, 348 Ill. 218, 222; *People v. Medley*, 112 Ill.App.2d 279; *People v. Veccio*, 267 N.E.2d 27.) The Supreme Court of the United States has adopted this procedure for Federal practice, *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418. Accordingly, the judgment of the Circuit Court of Rock Island County is reversed and the cause is remanded to such court with directions that defendant be permitted to plead anew.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.