THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE
CHARLES STUCKEY, Defendant-Appellant.

(No. 72-100;

Third District—November 20, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

G. Trent Marquis, Assistant State's Attorney, of Rock Island, for the
People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the
court:

Defendant Willie Charles Stuckey, pursuant to a negotiated plea,
pleaded guilty to murder and was sentenced to a term of not less than
fourteen (14) nor more than twenty (20) years in the Circuit Court of
Rock Island County. It appears from the factual basis established of
record that defendant was with a codefendant in the course of a tavern
robbery, when the codefendant shot and killed a man.

On appeal in this Court, it is contended by defendant that there was
no sufficient explanation by the court of the possible sentence for murder

in compliance with Supreme Court Rule 402(a)(2). The provision requires that the trial court personally inform defendant so that he understands the minimum and maximum sentence prescribed by law. The record indicates that the defense attorney told the judge, in the presence of defendant, that the attorney had advised defendant that the "penalty for murder is from 14 years up to execution in the electric chair." There was no further explanation of the penalty for murder by the judge who apparently relied on such explanation by the defense attorney.

The State contends that implicit in that statement is the information that the indeterminate period could be for any indeterminate period of time from 14 years on up. It is true that the admonition is not necessarily required to be performed in its entirety by the court, if there is substantial compliance with the rule. (*People v. Miller*, 2 Ill.App.3d 851, 277 N.E.2d 898, at 899.) The question before us is whether the statement of defendant's attorney constitutes substantial compliance with the Supreme Court Rule 402(a)(2), in view of the nature of the case.

It is obvious that the correct sentence for murder is an indeterminate maximum with a minimum of not less than 14 years. The death penalty would be involved only if a jury's verdict so provided (Ill. Rev. Stat. 1971, ch. 38, § 9—1), and in such case even the judge would have a discretion of whether or not to impose the death penalty (Ill. Rev. Stat. 1971, ch. 38, § 1—7(c)(1)). It is argued by the defendant that the admonition in this case would make it appear that the death penalty could be imposed if the State so chose and that it was, therefore, coercive. There was nothing in the statement which showed that there was any alternative number of years but only a reference to execution in the electric chair and the implication might well have been that the alternative might have been misunderstood. While the statement appears to imply that the indeterminate period could be any number of years, there is no such statement in the record. Because of the inadequate admonition in the record on the explanation of the possible sentence for murder, we believe we are required to reverse and remand this case to the Circuit Court of Rock Island County since the Supreme Court rules are designed to eliminate any doubt that the accused understands the consequences of his plea. *People v. Spicer*, 10 Ill.App.3d 390, 294 N.E.2d 72.

Another issue was raised on appeal but in view of our disposition of this cause, we do not believe that it is necessary to discuss such issue. This cause is, therefore, reversed and remanded to the Circuit Court of Rock Island County with directions to permit defendant to plead anew and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.