THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS ZBORALSKI, Defendant-Appellant.

(No. 72-150; ▮▮▮▮▮▮▮▮▮

Third District—November 30, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant pled guilty pursuant to negotiated pleas to the crimes of armed robbery and aggravated kidnapping in the circuit court of Tazewell County and was sentenced to two concurrent terms of not less than fifteen (15) years nor more than thirty (30) years in the penitentiary.

The defendant now contends that the trial court failed to comply with Supreme Court Rule 402(a)(2) and (3). Ill. Rev. Stat. 1971, ch. 110A, sec. 402(a)(2, 3).

Supreme Court Rule 402 provides as follows:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant per-

sonally in open court, informing him of and determining that he understands the following:

(1) * * *

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;" Ill. Rev. Stat. 1971, ch. 110A, Sec. 402.

An examination of the record reveals the following explanation by the court to the defendant as to the consequence of his pleas of guilty to the crimes of armed robbery and aggravated kidnapping:

"The Court: 'This is a felony and the penalty provided for this offense is that a person convicted of armed robbery shall be imprisoned for any indeterminate term. That the maximum is indeterminate with a minimum of not less than five years, but upon a second or subsequent conviction of armed robbery a person may be imprisoned in the penitentiary for an indeterminate term of not less than eight years * * *.'

The Court: '* * * this is a felony and the penalty provided by law for this offense is, a person convicted of aggravated kidnapping other than for ransom * * * shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than two (2) years * * *.'"

■■ The above admonitions have been consistently held to be insufficient compliance with Supreme Court Rule 402(a)(2). (See *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383; *People v. Short*, 4 Ill.App.3d 849, 281 N.E.2d 785; *People v. Buck*, 7 Ill.App.3d 758, 288 N.E.2d 548.) The argument that negotiated pleas should be treated differently was rejected in *People v. Fairchild*, 133 Ill.App.2d 875, 272 N.E.2d 445; *People v. Buck*, 7 Ill.App.3d 758, 288 N.E.2d 548. In the cited case of *People v. Fairchild* it was stated unequivocally that it is a "mandatory requirement that a defendant be specifically informed of the maximum punishment." There was no such specific information conveyed to the defendant by the court in the instant case.

The state urges that substantial compliance with Supreme Court Rule 402(a)(2) was achieved by the following colloquy which took place between the court and the defendant:

"The Court: And do you understand that this agreement calls for you to be sentenced to a period of not less than fifteen years nor more than thirty years in a penitentiary in the State of Illinois? The Defendant: Yes, Sir."

■■ It may well be that the defendant in the instant case may well have understood the consequences of his pleas of guilty but it is clear

from the rulings of the reviewing courts of our state that we are not at liberty to indulge in such presumptions. This court has previously been presented with a situation where the exact terms of a negotiated plea agreement were conveyed to the defendant by the trial court and acknowledged by the defendant as being correct. (See *People v. Spicer*, 10 Ill.App.3d 390, 294 N.E.2d 72.) In *Spicer* we held that such a colloquy even if it reflected the actual sentence imposed was not sufficient to meet the requirements of Supreme Court Rule 402(a)(2).

■■ The State cites a number of cases in support of its contention that substantial compliance with Supreme Court Rule 402 was met in the instant case; however, the most recent cases on this question require a higher degree of compliance than that which was present in the case which is now before us. We agree with the State that Supreme Court Rule 402 should never be allowed to be used as a technical tool to invalidate voluntary negotiated pleas of guilty, yet certain standards have been set by our reviewing courts which were not fulfilled in the instant case so we must conclude that the defendant be permitted to plead anew. Since we have arrived at this conclusion it is not necessary for us to determine if the court properly advised the defendant that he had the right to plead not guilty or persist in his plea of not guilty.

For the reasons set forth the judgments of the trial court are reversed and this case is remanded to the circuit court of Tazewell County with the directions that the defendant be permitted to plead anew.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.