THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL H. JOHNSON, Defendant-Appellant.

(No. 11999; )

Fourth District—December 6, 1973.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals a conviction entered upon his negotiated plea of guilty to a charge of attempted murder. The sentence of three to ten years imposed was that which had been negotiated by defendant, his counsel and the State's Attorney.

After defendant's counsel had obtained available pretrial discovery, he appeared with defendant on June 13, 1972, and moved to withdraw his plea of not guilty. The court thereupon admonished the defendant of the nature of the offense, the possible terms of sentence and of the right to a jury trial and the effect of a plea of guilty upon such right. The defendant executed a written waiver of jury. The court obtained answers to various questions which established that the plea was voluntary and the court was advised that the negotiations would include a recommendation of a sentence of three to ten years upon such plea. The defendant advised the court that it was his own decision to plead guilty. The court then heard a statement of the factual basis of the plea. Defendant, through his counsel, suggested some evidence of provocation and self-defense.

Defendant's counsel then asked a stay of *mittimus* for two weeks. After some colloquy, the State's Attorney objected to the granting of such stay. The statement of defense counsel makes clear that the matter of the stay of *mittimus* had not been a part of the negotiation for the plea.

The court then stated that he would not enter judgment of conviction and impose sentence if there was any misunderstanding, or that the defendant might claim that he did not get that which he bargained for. The court then noted that he would show the plea as withdrawn and that the matters would proceed to trial.

On June 19, defendant appeared with counsel "for purposes of proceeding with the negotiated plea offered". Counsel agreed that the record showed that there had been waiver of jury trial, that the admonitions under Supreme Court Rule 402 were in the record, together with the terms of the plea negotiations. He stated that the plea negotiations were "to be accepted and to be reinstated". The defendant advised the court that there was "no longer any question as to what the negotiations are", and that he wished the court to accept the negotiated disposition. The court then accepted the plea and entered judgment. In response to several inquiries, defendant advised that the sentence was that which had been negotiated.

Defendant filed a *pro se* notice of appeal expressly waiving appointment of counsel. His brief states that the issue upon appeal is whether the plea was entered voluntarily. The essence of the argument is that it was error to permit the reinstatement of the plea negotiations and enter judgment without a reiteration and restatement of the admonitions provided in Supreme Court Rule 402, and he asserts that he never entered a second plea of guilty during the proceedings on June 19.

Upon the latter contention the record is clear that in response to questions, defendant advised the court that he was asking the court to accept the negotiated disposition and that he was ready to proceed with the imposition of sentence.

The record in this case contains all of the admonitions required by Supreme Court Rule 402. In support of the proposition that the admonitions must be reiterated upon the motion to reinstate the plea and to proceed under the plea negotiation, defendant cited *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166; *People v. Mackey*, 33 Ill.2d 436, 211 N.E.2d 706 and *People v. King*, 1 Ill.2d 496, 116 N.E.2d 623. None of such authorities contain the issue found here. In *King*, it was held to be error to deny a motion to vacate a judgment of conviction upon a plea entered with the understanding that the prosecution would not ask the death penalty. In *Mackey*, the only admonition regarding the possible sentence was that it would be more than one year. The

prosecution contended that defendant should be presumed to be aware of the consequences of the plea since he had been convicted by a jury on similar charges two weeks before. The court noted that defendant was not chargeable with knowledge of matters *dehors* the record of the case. In the latter record, there had been no admonition at all. In the cited *McCarthy v. United States,* the record of the plea only showed the statement of counsel that he had advised defendant of the consequences of the plea. The court held that the record did not show any compliance with the rules applicable in that court. In *People v. Spicer,* 10 Ill.App.3d 390, 294 N.E.2d 72, the facts were generally comparable to those present here. The record in that case, however, was devoid of any admonitions given to defendant concerning the maximum and minimum sentence that might be imposed.

The contention by defendant made here is comparable to that made in *People v. Hill,* 39 Ill.2d 125, 233 N.E.2d 367, (*cert. denied,* 392 U.S. 936, 20 L.Ed.2d 1394, 88 S.Ct. 2305.) There, the record showed that the *Miranda* warnings had been given to defendant. The court rejected his contention that it was necessary for the record to show that such admonition had been repeated at the beginning of each subsequent interrogation. Here, the record shows all admonitions required had been given, that the defendant sought the reinstatement of the plea proceedings and requested the court to proceed.

The judgment is affirmed.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.