The People of the State of Illinois, Plaintiff-Appellee, *v.* Roosevelt Baldwin, Defendant-Appellant.

(No. 72-286; )

Fifth District—August 15, 1974.

Robert E. Farrell, Richard E. Cunningham, and Timothy F. Flynn, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Roosevelt Baldwin, was charged with aggravated battery, attempt and unlawful use of a weapon in the Circuit Court of William-

son County on August 9, 1972. On August 14, 1972, the defendant was brought before the Circuit Court of Williamson County and on this occasion charged with the offense of escape.

On August 21, 1972, the defendant appeared with his appointed counsel, the public defender, and pursuant to a plea negotiated with the State's Attorney, plead guilty to the charges of aggravated battery and escape.

The State recommended a sentence of 3 to 5 years for aggravated battery and a sentence of 4 to 6 years for escape with the sentences to run concurrently. As part of the negotiation agreement the other charges were to be dismissed. After some questioning the court accepted the guilty pleas. The defendant waived the introduction of mitigating evidence and the State waived the introduction of evidence in aggravation. The court then sentenced the defendant in accordance with the negotiated agreement and dismissed the other charges.

In this appeal the defendant alleges that the trial court failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) in several respects when it accepted defendant's guilty pleas.

■■ Supreme Court Rule 402(a)(2) requires that the court personally address the defendant in open court informing him of and determining that he (defendant) understands the minimum and maximum penalty to which the defendant may be subjected because of prior convictions or consecutive sentences (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2)), and that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty. (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(3).) A review of the record fails to indicate that the court complied with these requirements.

Supreme Court Rule 402(b) requires the court to personally question the defendant in open court to confirm the terms of a plea agreement or that there is no agreement and to determine whether any force, threats, or any promises, apart from a plea agreement, were used to obtain the plea. (Ill. Rev. Stat. 1973, ch. 110A, par. 402(b).) The record fails to reveal that the court personally ascertained from the defendant whether any force or threats were used to obtain the plea. This clearly is in violation of Supreme Court Rule 402(b). *People v. Hendrickson*, 11 Ill.App.3d 219, 296 N.E.2d 751.

■■ The fact that the plea was negotiated did not remove this case from the section governing acceptance of guilty pleas. *People v. Spicer*, 10 Ill.App.3d 390, 294 N.E.2d 72.

In the case of *People v. Kehoe*, 10 Ill.App.3d 955, 295 N.E.2d 292, we reversed the judgment where the trial court accepted a guilty plea without first informing the defendant that he had a right to plead not guilty

as required by Supreme Court Rule 402(a)(3) and that the trial court did not question the defendant personally in open court to determine if any force or threats or any promises, apart from a plea agreement were used to obtain the plea as required by Rule 402(b).

Considering the totality of these deficiencies we cannot say that there was substantial compliance with the requirements of Supreme Court Rule 402. We note that this case involves a negotiated plea and the defendant may plead anew, however, the State then has the right to reinstate the charges of attempt and unlawful use of a weapon which were dismissed as part of the plea negotiations.

■■ We therefore reverse the judgment of the Circuit Court of Williamson County and remand with instructions to allow defendant to plead anew if he so chooses.

■■ Defendant's sentence is in excess of that prescribed by the Unified Code of Corrections. If the defendant decides not to plead anew he is entitled to be resentenced in accordance with the provisions of the Unified Code of Corrections. *People v. Shadowens*, 10 Ill.App.3d 450, 294 N.E.2d 107.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.