THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BEN WHITE, Defendant-Appellant.

Third District    No. 75-132

Opinion filed June 30, 1976.

Robert Agostinelli and Michael Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

James Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of Ottawa, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Ben White appeals from an order of the Circuit Court of Rock Island County denying his *pro se* petition for post-conviction relief. Defendant pleaded guilty to murder in the Circuit Court of Rock Island County on August 4, 1971. Pursuant to plea negotiations he was sentenced to not less than 20 years nor more than 40 years in the Illinois State Penitentiary. (The State describes the sentence as a 20- to 60-year sentence, but this variation does not affect our disposition of the case.) No direct appeal was pursued in this case.

Some three years later, on June 6, 1974, defendant White filed a *pro se* petition for post-conviction relief, under the terms of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq*.). In his post-conviction petition he alleges that his guilty plea was not entered knowingly or intelligently. After the parties had argued the case in the circuit court, the trial court initially granted White's petition, but after further consideration and further argument, the trial court ultimately denied the petition.

On appeal in this court, defendant White contends that he did not fully understand the possible sentencing alternatives available to the court following a murder conviction. The record indicates that the trial court carefully determined for itself that defendant White knew the minimum prison term was 14 years and that the maximum punishment was the death penalty and any number of years insofar as prison term is concerned. A similar admonition was made to the co-defendant of Ben White, Willie Stuckey, who thereafter filed a direct appeal to this court alleging that the trial court failed to substantially comply with Rule 402 pertaining to pleas of guilty (Ill. Rev. Stat., 1973, ch. 110A, par. 402). See *People v. Stuckey* (3d Dist. 1973), 15 Ill. App. 3d 292, 304 N.E.2d 146).

In the *Stuckey* case, we noted that the crime of murder at that time called for an indeterminate sentence of imprisonment, with a minimum of 14 years or more and a maximum to be set by the court (Ill. Rev. Stat. 1971, ch. 38, par. 9—1(b)). The death penalty (which was since found to be unconstitutional in *Moore v. Illinois* (1972), 408 U.S. 786, 800, 33 L. Ed. 2d 706, 716, 92 S. Ct. 2562, and *Furman v. Georgia* (1972), 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726) could only be imposed if the jury so chose, and even in that case the trial court had the discretion to impose a sentence of imprisonment (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(c)).

In the *Stuckey* case we determined that the incomplete nature of the admonition to Stuckey could have led him to believe that the death penalty could be inflicted upon him at the whim of the prosecutor or the court, and that there was no alternative maximum term of imprisonment. We found that to be insufficient compliance with Rule 402(a)(2), and that the court was required to admonish the defendant concerning the minimum and maximum sentences prescribed by law. The case was remanded so that Stuckey might plead anew.

On White's appeal from the denial of his post-conviction petition, the question was raised as to whether an issue of the character which we discussed in *Stuckey* was cognizable in a post-conviction proceeding, and, if so, whether *Stuckey* or other authority requires us to allow White to plead again to the charges.

*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, asserted that due process of law permits a conviction upon a plea of guilty only when the plea is voluntary and made with knowledge and understanding of the consequences and alternatives. Defendant White in his petition alleges that the incomplete admonition concerning possible punishment presents a constitutional issue, as is required in post-conviction proceedings. We now consider, for analysis of the issue, the constitutional question presented.

■■ Mere noncompliance with the provisions of Supreme Court Rule 402 is not in itself necessarily a constitutional failure, but it is relevant to a determination of the constitutional issue to ascertain whether defendant's plea was entered intelligently and voluntarily. (*People v. Turner* (3d Dist. 1975), 25 Ill. App. 3d 847, 852, 323 N.E.2d 371.) As noted in *People v. Holvey* (3d Dist. 1974), 17 Ill. App. 3d 809, 810-11, 308 N.E.2d 622, the provisions of Rule 402 may not be required constitutionally and a bare violation of Rule 402 will generally not suffice to vitiate a plea of guilty. A defendant appealing his conviction following a plea of guilty must demonstrate that the plea was not made knowingly or voluntarily so as to raise an issue of constitutional proportions resulting from the acceptance of the plea. Consequently, to have any chance of being sustained, an attack on the acceptance of a guilty plea by reason of the failure to comply with Supreme Court Rule 402 must effectively raise a constitutional issue as outlined. The question raised by the petition in the instant case is whether, in fact, the trial court's failure to admonish defendant fully concerning possible sentences was such as to render defendant's plea involuntary and unknowingly made by him.

At the time of the decision in *Stuckey*, we found the identical admonition insufficient to constitute substantial compliance with Rule 402, but at that time the courts of review in Illinois were prone to reverse and remand convictions because of technical deficiencies relating to

compliance with Supreme Court Rule 402, which in fact did not amount to denial of constitutional rights. *People v. Holvey* (3d Dist. 1974), 17 Ill. App. 3d 809, 810-12, 308 N.E.2d 622.

■■ By reason of the recent Supreme Court decisions in this State in cases such as *People v. Ellis* (1974), 59 Ill. 2d 255, 320 N.E.2d 15; *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559; and *People v. Dudley* (1974), 58 Ill. 2d 57, 316 N.E.2d 773, even a substantial or total failure to comply with Supreme Court Rule 402 may not necessitate reversal of a conviction obtained on a plea of guilty. The conclusions must necessarily be the same, whether a defendant alleges a specific violation of Supreme Court Rule 402, as was true in *Stuckey*, or whether his appeal is based on a contended violation of due process as is true in the instant case. The issue to be determined is whether defendant entered his guilty plea in an understanding and voluntary manner. We do not believe that the incomplete admonition in *Stuckey* vitiated the guilty plea in such fashion, and we conclude that it did not vitiate the guilty plea as to defendant White.

Defendant White does not claim he is not guilty of the charge. In the context in which we are considering the case, also, he does not claim that he was unaware of the possibility of a long prison term as opposed to the death penalty, nor does he claim that he would have entered a plea of "not guilty" had the trial court admonished him of such a possibility. White's apparent argument is that he pleaded guilty to avoid the death penalty, accepting the recommended prison term instead, apparently on the assumption that if he had known of the relatively small likelihood of the death penalty being imposed after trial, he would not have accepted the offer of the State. He does not, however, make this argument specifically nor does he even suggest any reason to believe that his sentence would have been any less than he actually received had he proceeded to trial.

In short, defendant White simply does not allege any prejudice accruing to him by reason of the incomplete admonition which would cause the guilty plea to have been made involuntarily or unknowingly. As a consequence, we perceive no infringement of the defendant's constitutional rights to due process of law and believe that the trial court properly denied his petition for post-conviction relief to which we have referred.

For the reasons stated, therefore, we affirm the denial of defendant's petition and the judgment of the Circuit Court of Rock Island County.

Affirmed.

STOUDER and STENGEL, JJ., concur.